DON E. EADDY AND SUSAN A. EADDY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Eaddy v. Commissioner
Docket No. 46573-86
United States Tax Court
T.C. Memo 1989-450; 1989 Tax Ct. Memo LEXIS 450; 57 T.C.M. (CCH) 1385; T.C.M. (RIA) 89450; August 24, 1989
*450 Held: Petitioners' petition was untimely filed; respondent's motion to dismiss for lack of jurisdiction is granted. Held further: Petitioners' motion to dismiss is denied. Sheldon G. Kall and Richard G. Reilly, Jr., for the petitioners. Raymond M. Boulanger, for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: By statutory notice dated April 14, 1986, respondent determined a deficiency in petitioners' 1982 Federal income tax in the amount of $ 15,290. Respondent also determined that petitioners are liable for additions to tax pursuant to sections 6653(a)(1) [1] and 6659 in the respective amounts of $ 764.50 and $ 4,587 and for an addition to tax pursuant to section 6653(a)(2) in an amount equal to 50 percent of the interest on $ 15,920. This case is presently before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction and petitioners' cross-motion, in the form of an affidavit by petitioners' counsel, that the Court "strike the assessment for failure to properly and timely serve the Notice of Deficiency." *452 Attached to respondent's Motion is an affidavit by respondent's counsel alleging certain facts relevant to respondent's Motion. Petitioners do not contest these facts by opposing affidavit or otherwise, and we therefore accept the facts as true for purposes of this Motion. For convenience, our Findings of Fact and Opinion are combined. Petitioners filed a timely joint Federal income tax return for 1982 showing their address as 303 Calle Pescador, San Clemente, California. Since petitioners' 1982 return was timely filed, it is deemed to have been filed on April 15, 1983, for purposes of the running of the statute of limitations. Sec. 6501(b)(1). On April 14, 1986, respondent mailed duplicate statutory notices of deficiency to petitioners at the address shown on their 1982 return and also to 628 Surfside Drive, Surfside Beach, South Carolina, which was a previous address. Respondent did not know at the time the duplicate statutory notices were mailed that the Surfside Beach address was a previous address. The statutory notice mailed to the San Clemente address was returned to the District Director at Laguna Niguel, California, marked "not deliverable as addressed -- unable *453 to forward." The statutory notice sent to the Surfside Beach address was not returned to the District Director. After the statutory notice which respondent mailed to the San Clemente address was returned, the District Director sent Address Information Requests to the United States Postal Service in hopes of indicating or verifying whether the San Clemente and Surfside Beach addresses were where petitioners' mail was being delivered. The Post Office's reply indicated that the forwarding order for the San Clemente address had previously expired and that no new forwarding address was on file. However, the Address Information Request for the Surfside Beach address stated that petitioners' mail was still being delivered to that address. At this time, petitioners did not reside at the Surfside Beach address although close relatives of theirs did. As of the date that the statutory notices were mailed, petitioners had not notified respondent that their address was any different from that provided on their 1982 return. Petitioners did not file Federal income tax returns for 1983, 1984, or 1985 until after respondent mailed the duplicate statutory notices. In July 1986, petitioners informed *454 respondent of their current address, which is 4150 Steppingstone Lane, Liverpool, New York. Petitioners actually received a copy of the statutory notice in September 1986. Pursuant to section 6212(b), a statutory notice of deficiency must be mailed to a taxpayer's last known address. After the date of mailing, a taxpayer has 90 days within which to file a petition in this Court. Sec. 6213(a). Timely filing of a petition is a jurisdictional requirement which neither the Court nor the parties can waive. . As grounds for his Motion to Dismiss, respondent argues that petitioners' petition was not filed within the 90-day period. Petitioners argue that respondent did not exercise due diligence in ascertaining their last known address, that neither statutory notice was mailed to their last known address in accordance with section 6212(b), and that assessment is therefore barred by the the statute of limitations of section 6501(a). In , we held that "a taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, *455 unless respondent has been given clear and concise notification of a different address." At a hearing on respondent's Motion and petitioners' cross-motion, petitioners' counsel argued that it would be inequitable not to allow petitioners to file a petition [2] since they did not receive a copy of the statutory notice until some 5 months after it was mailed. Petitioners' counsel further argued that respondent had a duty to exercise due diligence in ascertaining petitioners' correct address. However, petitioners base their argument on the mere fact that it was impossible for them to timely file their petition, since they did not receive the statutory notice until some 5 months after the duplicates were sent to the San Clemente and Surfside Beach addresses. Indeed, at the hearing on these motions, petitioners' counsel conceded that he was "not certain if that information [concerning petitioners' address on the date that the statutory notice was issued] could have been available to Respondent, as there had not been a return filed with that address." *456 The rule as stated in , is that a taxpayer is required to provide respondent with clear and concise notification of a new address if different from that on the most recently filed return as of the date the statutory notice is sent. Petitioners did not notify respondent of their new address prior to the date of mailing of the statutory notices. We therefore hold that the statutory notice was properly mailed. Accordingly, respondent's Motion will be granted, and petitioners' motion will be denied. An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Although petitioners' counsel argued at the hearing that petitioners should be allowed to file a petition, petitioners' motion seeks a more conclusive remedy, i.e., a declaration that the notice of deficiency was not properly mailed and did not serve to toll the section 6501(a) statute of limitations pursuant to section 6503(a).↩